| | |
|---|---|
| LARSON & ZIRZOW, LLC | SAUL EWING ARNSTEIN & LEHR LLP |
| ZACHARIAH LARSON, ESQ., NV# 7787 | MICHAEL L. GESAS, ESQ., IB#6186924 |
| E-mail: zlarson@lzlawnv.com | E-mail: michael.gesas@saul.com |
| MATTHEW C. ZIRZOW, ESQ., NV# 7222 | Tel: 312-876-7125 |
| E-mail: mzirzow@lzlawnv.com | DAVID A. GOLIN, ESQ., IB# 6180517 |
| 850 E. Bonneville Ave. | E-mail: david.golin@saul.com |
| Las Vegas, Nevada 89101 | Tel: 312-876-7805 |
| Tel: 702-382-1170 | *Pro Hac Vice Pending* |
| Fax: 702-382-1169 | 161 North Clark St., Suite 4200 |
| | Chicago, Illinois 60601 |
| Proposed Attorneys for Debtors and | |
| Debtors in Possession | Proposed Attorneys for Debtors and |
| | Debtors in Possession |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>BCG OWNCO, LLC,<br><br>　　　　　　Debtor. | BK-20-12880-mkn<br>Chapter 11<br><br>Date:　OST Pending<br>Time:　OST Pending |

**MOTION FOR ORDER DIRECTING**
**<u>JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>**

BGD LV Holding, LLC, a Nevada limited liability company, d/b/a Metal Partners International ("<u>BGD</u>"), Metal Partners Rebar, LLC, an Illinois limited liability company, d/b/a Metal Partners International ("<u>MPR</u>"), BRG Holding, LLC, a West Virginia limited liability company, d/b/a Reinforcing Steel Installer, f/d/b/a Trinity Rebar ("<u>BRG</u>"), and BCG Ownco, LLC, an Illinois limited liability company ("<u>BCG</u>"), debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby submit their (the "<u>Motion</u>") for an order directing the joint administration of the Debtors' chapter 11 cases.

This Motion is made and based on the points and authorities herein, the *Omnibus Declaration of Joseph Tedesco in Support of Debtors' Initial Emergency Motions and Related Relief* (the "<u>Tedesco Declaration</u>") filed concurrently herewith, the papers and pleadings on file in these cases, judicial notice of which are respectfully requested, and any arguments of counsel at the time of the hearing on the Motion.

1

37089684.2

**Jurisdiction and Venue**

1.   This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.   Pursuant to LR 9014.2, the Debtors consent to the entry of final orders and judgments by the bankruptcy judge if it is determined that the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.   The statutory predicates for the relief requested herein are section 101(2) of title 11, United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This Motion is also filed in accordance with Local Rule 1015 of the Local Rules of Bankruptcy Procedure of this Court (the "Local Rules").

4.   On June 16, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above captioned chapter 11 cases (the "Chapter 11 Cases"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue in possession of their property and to operate their businesses and manage their financial affairs as debtors in possession. No request for the appointment of a trustee or examiner has been made and no creditors' committee has been appointed in the Chapter 11 Cases.

**Relief Requested**

5.   By this Motion, the Debtors respectfully request that this Court enter an order, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015, directing the joint administration of the their Chapter 11 Cases.

**Basis For Relief**

6.   Pursuant to Federal Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by a debtor and an affiliate, "the Court may order a joint administration of the estates." Accordingly, this Court is authorized to grant the relief requested herein.

37089684.2

1    7. As described in the Tedesco Declaration, each of the Debtors is an "affiliate" of the other as that term is defined in section 101(2) of the Bankruptcy Code. Most, if not all, of the motions, applications, and other pleadings that will be filed in the Chapter 11 Cases will relate to relief jointly sought by the Debtors. For this reason, the Debtors believe that the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of the Chapter 11 Cases. The joint administration of these cases will also ease the administrative burden on the Court by allowing the Debtors to be administered as a single joint proceeding rather than separate Chapter 11 Cases.

8. The joint administration of the Chapter 11 Cases will not give rise to any conflict of interest among the Debtors' estates. Joint administration also will not affect the Debtors' respective creditors as this Motion requests only the joint administration of the Chapter 11 Cases, not the substantive consolidation of the estates. Accordingly, joint administration will not have any impact on any intercompany claims among the Debtors.

9. The efficiency and utility of permitting the joint administration of affiliated cases is widely recognized. *See e.g., In re PL Liquidation Corp.,* 305 B.R. 629, 632 (Bankr. D. Del. 2004). This relief has been commonly granted in this District. *See In re Jerry's Nugget, Inc.*, Case No. 12-29387-mkn, ECF No. 48 (Bankr. D. Nev. August 17, 2012); *In re 155 East Tropicana, LLC*, 11-22216-bam, ECF No. 56 (Bankr. D. Nev. August 8, 2011); *In re Black Gaming, LLC*, Case No. 10-13301-bam, ECF No. 70 (Bankr. D. Nev. March 5, 2010); *In re Zante, Inc.*, Case No. 09-50746-gwz, ECF No. 34 (Bankr. D. Nev. March 23, 2009).

10. For these reasons, the Debtors believe that the joint administration of the Chapter 11 Cases is in the best interests of the Debtors and their estates.

11. The Debtors request that the Chapter 11 Cases be jointly administered under the case number assigned to MPR. Although the BGD case is the lowest numbered case, substantially all of the assets and liabilities of the Debtors are MPR's. The Debtors also respectfully request that the Clerk of the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases, which file and docket should also be the file and docket for MPR.

3

37089684.2

The dockets of each of the Debtors should contain a notice, substantially similar to the following, to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of Metal Partners Rebar, LLC, BGD LV Holding, LLC, BRG Holding, LLC, and BCG Ownco, LLC. All further proceedings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 20-12878-___.

12. The Debtors also request that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re METAL PARTNERS REBAR, LLC,<br>☐ Affects this Debtor. | BK-20-12878-abl<br>Chapter 11 (Lead Case)<br>(Jointly Administered) |
| In re BGD LV HOLDING, LLC,<br>☐ Affects this Debtor. | BK-20-12876-abl<br>Chapter 11 |
| In re BRG HOLDING, LLC,<br>☐ Affects this Debtor. | BK-20-12879-abl<br>Chapter 11 |
| In re BCG OWNCO, LLC,<br>☐ Affects this Debtor. | BK-20-12880-abl<br>Chapter 11<br>Date:<br>Time: |

WHEREFORE, the Debtors respectfully request that this Court enter an order, in the form attached hereto as **Exhibit 1** (i) directing the joint administration of the Debtors' Chapter 11 Cases; and (ii) granting such other relief as this Court may deem just and proper.

. . .

. . .

. . .

37089684.2

Dated: June 16, 2020		By:  /s/ Matthew C. Zirzow
					LARSON & ZIRZOW, LLC
					MATTHEW C. ZIRZOW, ESQ.
					Nevada Bar No. 7222
					850 E. Bonneville Ave.
					Las Vegas, Nevada 89101

					-and-

					SAUL EWING ARNSTEIN & LEHR LLP
					MICHAEL L. GESAS
					Illinois Bar No. 6186924
					DAVID A. GOLIN
					Illinois Bar No. 6180517
					161 North Clark St., Suite 4200
					Chicago, IL 60601

					Proposed Attorneys for Debtors and
					Debtors in Possession

5

37089684.2